1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

ALEXANDER MCKENZIE,                    )   CASE NO. CV 10-5677-DSF (PJW)
11                                     )
                    Petitioner,        )   ORDER TO SHOW CAUSE WHY PETITION
12                                     )   SHOULD NOT BE DISMISSED
                        v.             )
13                                     )
JAMES YATES, WARDEN,                   )
14                                     )
                    Respondent.        )
15  _____)

16       On July 30, 2010, Petitioner filed a Petition for Writ of Habeas

17  Corpus, seeking to challenge his 1997 state court conviction for

18  assault with a deadly weapon and his 58 years-to-life sentence.

19  (Petition at 2.)  In the Petition, he claims that the trial court

20  abused its discretion by failing to dismiss one of his prior felonies,

21  resulting in an unlawful sentence.  (Petition at 5 and Attached

22  Memorandum at 4-14.)  For the following reasons, Petitioner is ordered

23  to show cause why his Petition should not be dismissed because it is

24  time-barred and does not raise a cognizable claim.

25       State prisoners seeking to challenge their state convictions in

26  federal habeas corpus proceedings are subject to a one-year statute of

27  limitations.  28 U.S.C. § 2244(d).  Here, Petitioner's conviction

28  became final on December 15, 1998--90 days after the state supreme

1 | court denied review and the time expired for him to file a petition

2 | for writ of certiorari with the United States Supreme Court. *See*

3 | *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Therefore, the

4 | statute of limitations expired one year later, on December 15, 1999.

5 | *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

6 | Petitioner, however, did not file this Petition until July 2010, more

7 | than 10 years after the deadline.

8 |      Petitioner claims that he is entitled to equitable tolling

9 | because he was injured in an industrial accident in prison in 2004.

10 | (Attachment, Statement of Facts Concerning State Impediments, Exhs. A-

11 | D.)  The statute of limitations is subject to equitable tolling in

12 | appropriate cases.  *See Holland v. Florida,* 130 S. Ct. 2549, 2010 WL

13 | 2346549, at *9 (2010).  Here, however, the period during which

14 | Petitioner claims tolling occurred more than four years after the

15 | statute of limitations had expired.  Thus, it cannot be the basis for

16 | finding his Petition timely.

17 |      Petitioner also suggests that his Petition is not late because he

18 | could not discover the facts of his claim until 2008.  (Attachment at

19 | 1.)  Generally, under 28 U.S.C. § 2244, the statute of limitations

20 | begins to run when the petitioner's state conviction becomes final.

21 | There is an exception to this rule for claims that are based on facts

22 | that are not immediately known to the petitioner.  28 U.S.C.

23 | § 2244(d)(1)(D).  Under this exception, the limitations period does

24 | not begin to run until "the date on which the factual predicate of the

25 | claim or claims presented could have been discovered through the

26 | exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Here,

27 | however, Petitioner has not explained why he could not have discovered

28 | the alleged sentencing error when he was sentenced in 1997.  *See Hasan*

1    *v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that

2    statute of limitations begins to run when a prisoner "knows (or

3    through diligence could discover) the important facts, not when the

4    prisoner recognizes their legal significance").  In short, Petitioner

5    has failed to set forth any newly discovered facts that would entitle

6    him to a later start date for the limitations period.

7      Finally, the Court notes that Petitioner's claim of "legal"

8    innocence does not warrant an exception to the statute of limitations.

9    *See Lee v. Lampert*, __ F.3d __, 2010 WL 2652505, at *7 (9th Cir.

10    2010).

11      The Court also notes that Petitioner's claim that the trial court

12    abused its discretion in refusing to dismiss one of Petitioner's prior

13    felonies is solely a question of state law, for which federal habeas

14    relief is not available.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68

15    (1991) (holding that mere errors in the application of state law are

16    not cognizable on habeas corpus); *Williams v. Borg*, 139 F.3d 737, 740

17    (9th Cir. 1998) (holding, in habeas cases, courts review only for

18    constitutional violations, not abuse of discretion).  Petitioner's

19    references to the Due Process Clause, without more, does not transform

20    his claim into a cognizable one.  *See Langford v. Day,* 110 F.3d 1380,

21    1389 (9th Cir. 1996) (adding the phrase "due process" to state law

22    claims does not transform those claims into federal claims; rather,

23    they remain state law claims "dressed up" as federal due process

24    claims); *see also Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999)

25    (holding that errors of state law cannot be repackaged as federal

26    errors simply by citing the Due Process Clause).

27

28

1      IT IS THEREFORE ORDERED that, no later than **September 6, 2010**,

2  Petitioner shall inform the Court in writing why this case should not

3  be dismissed with prejudice because it is barred by the statute of

4  limitations and fails to raise a cognizable claim.  Failure to timely

5  file a response will result in a recommendation that this case be

6  dismissed.

7      DATED:    August __2__, 2010.

8

9  _____
   PATRICK J. WALSH
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  S:\PJW\Cases-State Habeas\MCKENZIE, A 5677\OSC dismiss pet.wpd

4